MERLIN LAW GROUP, P.A.
Denise H. Sze (State Bar No. 238511)
Kevin M. Pollack (State Bar No. 272786)
1800 Century Park East, Suite 600
Los Angeles, CA 90067
Telephone (310) 229-5961
Facsimile (310) 229-5763
Email:  dsze@merlinlawgroup.com

Attorneys for Plaintiffs
WILSHIRE MANOR APARTMENTS, LLC

# UNITED STATES DISTRICT COURT

## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILSHIRE MANOR APARTMENTS, LLC, a California limited liability company,  Plaintiffs,  vs.  STATE FARM GENERAL INSURANCE COMPANY, an Illinois corporation; and Does 1 through 50, Inclusive,  Defendant. | Case No. 2:16-cv-04363-R-GJS  [Assigned to the Hon. Manuel L. Real]  **JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL**  **Date: January 3, 2017**  **Time: 10:00 a.m.**  **Place: Dept. 8**  **[Filed concurrently herewith Notice of Motion; Declaration of Denise H. Sze; Court's Scheduling Order; [Proposed] Orders ]**  Discovery Cutoff: December 12, 2016  Pretrial Conference: December 27, 2016  Trial: January 24, 2016 |

# <u>TABLE OF CONTENTS</u>

Page

I.   INTRODUCTORY STATEMENTS..............................................................2

     A.  Plaintiff's Statement...............................................................................2

     B.  State Farm's Statement..........................................................................3

II.  ISSUES IN DISPUTE.............................................................................5

     A.  State Farm's Designation of its Entire Claim File as "Confidential" and
         Refusal to Provide a Privilege Log Regarding Redactions Portions of
         the Claim File.........................................................................................5

         1.  Plaintiff's Contention - Plaintiff is Entitled to an Order De-
             Designating State Farm's Claim as Confidential...........................5

             a.  Procedural Background....................................................5

             b.  State Farm's Indiscriminate Designation of the Claim File Is
                 Erroneous   ........................................................................6

         2.  State Farm's Contention - Designation of the Claim File is
             Appropriate, Plaintiff Has Failed to Identify What Portions It
             Wants De-designated, and State Farm Has Provided a Privilege
             Log..................................................................................10

             a.  The Claim File is Proprietary and Contains Confidential and
                 Private Information........................................................10

             b.  Had Plaintiff Simply Followed Protocol, This Dispute May
                 Have Been Avoided........................................................12

             c.  State Farm Has Not Waived Its Privilege Objections..............13

     B.  State Farm's Refusal to Produce its Underwriting File ...................13

         1.  Plaintiff's Contention - Plaintiff is Entitled to an Order
             Compelling State Farm to Produce its Underwriting File.............13

             a.  Procedural Background....................................................13

                 Plaintiff's Request for Production No. 3..................................14

                 State Farm's Response to Request for Production No. 3.........14

             b.  State Farm's Refusal to Produce the Underwriting File is
                 Erroneous........................................................................15

         2.  State Farm's Contention - The Request is Ambiguous, and Plaintiff
             Has Failed to Justify Its Request for These Irrelevant and
             Confidential Documents.................................................................17

1

2

TABLE OF CONTENTS - Page 2

3

Page

4

C.    State Farm's Refusal to Procedue its Claim Manual and Field
Bulletins Relating to Claim Handling...................................................19

1.   Plaintff's Contention - Plaintiff is Entitled to an Order
Compelling State Farm to Produce its Claim Manual and
Field Bulletins Relating to Claim Handling.................................19

Request for Production No. 11....................................................19

Response to Request for Production No. 11.............................20

Request for Production No. 13....................................................20

Response to Request for Production No. 13............................21

b.    State Farm's Refusal to Produce the Claims Manual and
Field Bulletins is Erroneous....................................................22

2.   State Farm's Contention............................................................22

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Pursuant to Central District Local Rule 37-1, Plaintiff Wilshire Manor Apartments, LLC ("Plaintiff") and defendant State Farm General Insurance Company submit this Joint Statement regarding Plaintiff's Motion to Compel an order requiring State Farm to: (1) De-Designate its Entire Claim File as Confidential, (2) produce its underwriting file, and (3) produce its claims manual and other documents it utilized to assist it with its claim handling.

I.   **INTRODUCTORY STATEMENTS**

   **A. Plaintiff's Statement**

This action arises from State Farm General Insurance Company's ("State Farm") under payment and wrongful denial of insurance coverage for property damage caused by a fire at an apartment complex in December 2014. Although fire is a covered cause of loss under the subject property insurance policy, State Farm has improperly denied coverage for fire damage sustained by Plaintiff's elevators, and has grossly underpaid Plaintiff the money necessary to fully repair the apartment complex. State Farm has no reasonable basis for its under payment and coverage position.

State Farm's conduct now extends to discovery.  State Farm initially refused to produce any documents unless and until Plaintiff agreed to execute a stipulated protective order. Not knowing which documents State Farm was going to contend were proprietary and confidential, and in the interest of efficiency and fair play, Plaintiff stipulated to the protective order.

To Plaintiff's dismay, State Farm used the Protective Order entered by the Court as an excuse to designate each and every document contained in its entire claim file as "Confidential." State Farm's mass indiscriminate designation violates both the very terms of the Protective Order, but California law as well. State Farm's conduct prohibits and places severe burdens on Plaintiff's ability to utilize the documents in the claim file in this action. Despite requesting State Farm to de-

1    designate its Claim File as confidential, or otherwise justify its basis for doing so,

2    State Farm has refused to do so.  State Farm claimed the format of its claim's file is

3    proprietary yet through past litigation, State Farm has produced its claim files in the

4    same format without a proprietary or confidential designation.

5         Additionally, State Farm has refused to produce its underwriting file, claims

6    manual(s), and other documents and information that are directly relevant to the

7    claims and issue in this action.  After written meet and confers, an in person meet

8    and confer occurred on November 4, 2016 wherein State Farm flat out refused to

9    provide the underwriting file.  As set forth below, State Farm has no reasonable

10   basis for the positions it has taken.  The stonewalling tactics of not providing

11   reasonable documents demonstrate a complete disregard for the discovery process.

12   It is Plaintiff's right to obtain information that is reasonably calculated to lead the

13   discovery of admissible evidence.  State Farm's conduct is thwarting this right.

14        For these reasons, as well as those identified in more detail below, this Court

15   should grant Plaintiff's requests for orders to: (1) de-designate State Farm's Claim

16   File as "confidential"; (2) compel production of State Farm's underwriting File; and

17   (3) compel production of State Farm's Claims Manuals and Field Bulletins.

18        **B. State Farm's Statement**

19        Plaintiff Wilshire Manor contends that it is entitled to additional benefits and

20   coverage under the Apartment Insurance Policy issued by State Farm to Plaintiff for

21   the subject property.  Following a December 20, 2014 fire loss at the subject

22   property, Plaintiff submitted an insurance claim to State Farm. State Farm paid

23   insurance benefits totaling $553,156.95 to Plaintiff to repair damages and to

24   reimburse Plaintiff for lost rent resulting from the fire loss. State Farm also paid

25   third party claims totaling $13,050 to Plaintiff's tenants as a result of damages these

26   claimants sustained during and/or following the fire loss.

27        With regard to the discovery at issue here, Plaintiff contends that State Farm

28   breached the Policy and acted in bad faith when it denied payments for alleged

1   additional damages, including payment for damage to the elevators. State Farm

2   denied payment for the elevators as the evidence showed the elevators were

3   damaged prior to the fire loss. This is confirmed by records from the Los Angeles

4   Department of Building and Safety, and Plaintiff's tenants. Thus, the fire did not

5   cause the damage to the elevators, and the Policy specifically excludes coverage for

6   loss due to wear, tear, or deterioration. Further, Plaintiff failed to submit evidence of

7   its alleged additional damages such that Plaintiff failed to comply with the Duties in

8   the Event of Loss condition of the Policy.

9         Once the parties stipulated to a Protective Order, which the Court then

10  entered, State Farm produced its entire claim file for this matter and designated it

11  under the Order, redacting only a few privileged portions.  This was necessary to

12  protect the proprietary and confidential business information and trade secrets

13  contained in the file, as well as the personal information of various tenants regarding

14  their individual claims.  However, within the context of this litigation, the Protective

15  Order only places a minimal burden on Plaintiff, and it is able to use the claim file

16  for any reasonable purpose in the pursuit of its claims.  As a practical matter, the

17  Protective Order only prevents Plaintiff and its agents from publicizing the contents

18  of the claim file outside of this litigation, and Plaintiff has not admitted to any desire

19  to do so. Moreover, State Farm has always expressed its willingness to reconsider

20  this designation for any particular part of the claim file which Plaintiff may want to

21  file with the Court, so that Plaintiff can avoid the modest burden of filing such

22  documents under seal. Plaintiff has not identified any such portion, and demands

23  that the entire file be de-designated.

24        None of the parties have argued that the terms of the Policy are ambiguous, so

25  it is agreed that the plain language of the Policy controls the scope of coverage.

26  Nevertheless, Plaintiff demands the production of documents whose only purpose

27  would be to address any claimed ambiguity in the Policy language, such as the

28  underwriting file, claim manuals, and field bulletins. Since it is undisputed that the

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1  plain Policy language controls the scope of coverage, none of these documents have

2  any potential relevance.

3      Plaintiff's proposed motion to compel seeks irrelevant information and is a

4  waste of this Court's time.  Accordingly, State Farm respectfully requests that this

5  Court deny Plaintiff's motion to compel.

6  **II.**  **ISSUES IN DISPUTE**

7      **A.**  **State Farm's Designation of its Entire Claim File as**

8          **"Confidential" and Refusal to Provide a Privilege Log Regarding**

9          **Redactions Portions of the Claim File.**

10

11      **1.** **Plaintiff's Contention - Plaintiff is Entitled to an Order De-**

12          **Designating State Farm's Claim as Confidential.**

13          **a.  Procedural Background.**

14      On October 3, 2016 This Court entered the Stipulated Protective Order

15  governing confidential information (Sze Declaration ¶ 3; Dkt. 17 – Exhibit G). On

16  October 11, 2016 State Farm produced its claim file pertaining to Plaintiff's

17  property damage (Sze Declaration ¶ 3).

18      State Farm indiscriminately designated its entire Claim File as "Confidential"

19  under the terms of the Protective Order (Sze Decl. ¶ 4).  On October 14, 2016

20  Plaintiff sent an initial meet and confer letter addressing Plaintiff's request to State

21  Farm to de-designate the Claim File as Confidential (Sze Declaration ¶ 5; Exhibit

22  A).

23      Despite reaching out to State Farm several times thereafter to address State

24  Farm's designation of its Claim File, State Farm did not respond until November 2,

25  2016 (Sze Declaration 6; Exhibit B). Because State Farm refused to de-designate the

26  Claim File, and instead sought to shift the burden to Plaintiff to identify the portions

27  of the Claim File that should not be deemed confidential, Plaintiff attempted to meet

28  and confer with State Farm in person on November 4, 2016. (Sze Declaration ¶ 7).

Although Plaintiff's cited to the Protective Order demonstrating that it is State Farm's burden to support its designation, State Farm persisted with its refusal to de-designate or otherwise support its indiscriminate designation of the entire Claim File in violation of the Protective Order (Sze Decl. ¶ 8). Plaintiff's counsel proposed to State Farm to de-designate the entire claim file, and then re-designate only those specific portions which it contends are actually proprietary. State Farm declined this invitation, standing by its position (Sze Decl. ¶ 8).

### b. State Farm's Indiscriminate Designation of the Claim File Is Erroneous.

Plaintiff contends that State Farm's designation of the Claim File as "Confidential" is erroneous for the following Reasons:

The protective order in this case specifies that

> "Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items or oral or written communications that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

> Mass, indiscriminate or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) may expose the Designating Party to sanctions."

It is Plaintiff's position that State Farm has improperly and indiscriminately designated its entire claim file as confidential without good cause for doing so.

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1    Literally, every page that State Farm produced as its "claim file" is designated as

2    confidential. State Farm's designation is improper and the Court should order that

3    the designation be withdrawn.

4         Not only is the designation itself improper, but it places a severe burden on

5    Plaintiff to actually utilize the documents contained within the Claim File. As an

6    example, should Plaintiff wish to show experts, witnesses, or consultants portions of

7    the Claim File, the 3rd parties are required to sign a confidentiality agreement (Sze

8    Decl. ¶ 9). Secondly, to the extent Plaintiff wishes to cite to such documents in court

9    filings, Plaintiff must file the documents under seal (Sze Decl. ¶ 9). In insurance

10   coverage actions such as this, the Claim File is a material piece of evidence – if

11   properly maintained, it demonstrates the insurer's claim handling activities, and

12   should present a road map for what the insurer did, and why it did what it did.

13        Consequently, Plaintiff must be able to freely use the claim file outside of

14   court, and to prepare its case. By indiscriminately designating the entire claim file as

15   "Confidential" State Farm has placed an undue burden that is not justified under the

16   circumstances.

17        Not only has State Farm previously produced to Plaintiff's counsel's office

18   other claim files on First Party property damage cases such as this without

19   designating the entire claim file as confidential (Sze Decl. ¶ 10), but California

20   Insurance Code § 2071 obligates First Party insurers, such as State Farm, to make all

21   claim related documents available upon request, even before litigation. *California*

22   *Insurance Code* § 2071.

23        If insurers are obligated by law to make their claim file available to insureds,

24   how can State Farm, in good faith, claim that the entire claim file in this case is

25   confidential?

26        It is difficult for Plaintiff to understand State Farm's position that its claim

27   file pertaining to its investigation and evaluation of *Plaintiff's claim* is confidential.

28   Certainly, the fact that State Farm has previously produced its claim files to

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1   Plaintiff's counsel's office without designating as such, tends to show that State

2   Farm does not uniformly take the position its insured's claim files are proprietary.

3   Doing so would certainly contradict and violate the plain meaning of Insurance

4   Code § 2071.

5   Further, in other cases Plaintiff's counsel's office has litigated against State

6   Farm, State Farm has not required Plaintiffs, or counsel to sign a confidentiality

7   agreement as a precursor to reviewing its claim file materials. Why it is choosing to

8   designate its entire claim file in this action is questionable at best.

9   State Farm has labeled the following categories of garden variety claim

10   related documents as confidential, including but not limited to: (1) claim notes, (2)

11   correspondence to and from Plaintiff, (3) correspondence to and from vendors who

12   assisted State Farm with its investigation of the claim, (4) photographs, and (5) other

13   claim related documentation pertaining to Plaintiff's claim. None of these

14   documents appear to be proprietary, and Plaintiff is having difficulty even

15   contemplating how State Farm could argue otherwise. Importantly, State Farm has

16   not even articulated or explained its basis for the designations to Plaintiff's counsel.

17   While State Farm, has not specified the basis for labeling its entire claim file

18   as confidential, it seems highly unlikely that it is doing so based on work product or

19   attorney client privilege claim. In fact, State Farm's November 2, 2016 letter did not

20   indicate such to be the case (Exhibit B).

21   Regardless,  in bad faith cases, the jury is entitled to know exactly what

22   information was in the insurer's claims file (aside from privileged information):

23   "How else could they have properly determined whether the (Insurer) acted fairly

24   and in good faith in its handling of the claim?" *2,022 Ranch, L.L.C. v. Sup.Ct.*

25   (Chicago Title Ins. Co.) (2003) 113 Cal.App.4th 1377, 1396 (disapproved on other

26   grounds in *Costco Wholesale Corp. v. Sup.Ct.* (Randall) (2009) 47 Cal.4th 725; see

27   *Amato v. Mercury Cas. Co.* (1993) 18 Cal.App.4th 1784, 1788-1789. "The claims

28   file is a unique, contemporaneously prepared history of the company's handling of

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

the claim; in an action [for bad faith] the need for the information in the file is not only substantial but overwhelming." *Reavis v. Metropolitan Property & Liability Ins. Co.* (S.D.Cal.1987) 117 F.R.D. 160, 164.)

An insurer's claim file typically is prepared in the normal course of the insurer's business. As stated in *Ivy Hotel San Diego, LLC v. Houston Cas. Co.*, (S.D. CA) 2011 WL 4914941 *7:

> In the context of insurance claims files, "[t]he investigation and evaluation of claims is part of the regular, ordinary and principal business of insurance companies." *Klee v. Whirpool Corp.*, 251 F.R.D. 507, 512 (S.D.Cal.2006) (citation omitted). '[I]t can be presumed that 'documents which were produced by an insurer for concurrent purposes before making a claims decision would have been produced regardless of litigation purposes....' Id. (quoting *Stout v. Illinois Farmers Ins. Co*., 150 F.R.D. 594, 605 (S.D.Ind.1993)). To overcome the presumption, [the insurer] "must demonstrate by specific evidentiary proof of objective facts, that a reasonable anticipation of litigation existed when the document was produced, and that the document was prepared for [this] litigation, and not to arrive at (or buttress a tentative) claim decision." Harper, 138 F.R.D. at 663-64. [Citing Harper v. Auto-Owners Ins. Co., 138 F.R.D. 655, 663-664]

Also, in a bad faith case, the "strategy, mental impressions and opinions of [the insurer's] agents are directly at issue" and are discoverable. *Holmgren v. State Farm Mutual Auto. Ins. Co.* (9th Cir. 1992) 976 F.2d 573, 577.Further, no "work-product" privilege applies even where the documents exchanged between State Farm's claims personnel discuss the potential for litigation, or whether counsel should be hired. *2,022 Ranch v. Sup. Ct.* (2003) 113 Cal. App.4th 1377, 1401.

9

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1    The work product privilege simply is simply not applicable to the claim file

2    documents.

3    For the above reasons, Plaintiff re-asserts its challenge to State Farm's

4    designation of its entire claim file as confidential and requests that the Court order it

5    to withdraw its confidential designation.  Plaintiff further requests that the Court

6    sanction State Farm for violating the terms of the Protective Order, and forcing

7    Plaintiff to expend time and resources to involve the Court on this issue.

8

9        **2.    State Farm's Contention – Designation of the Claim File Is**

10            **Appropriate, Plaintiff Has Failed To Identify What Portions It**

11            **Wants De-designated, and State Farm Has Provided a Privilege**

12            **Log**

13        **a.    The Claim File Is Proprietary and Contains Confidential**

14                **and Private Information**

15    The primary reason that a protective order was sought by State Farm, agreed to by

16    Plaintiff, and entered by the Court, was to facilitate the production of the claim file

17    to Plaintiff without waiving the confidential and proprietary nature of the file, or the

18    privacy interests of third parties whose information is contained therein.  The claim

19    file constitutes a single, discrete file which is maintained by State Farm in a

20    proprietary manner, and so the designation of that singular file under the Protective

21    Order was appropriate.

22    The designation was necessary because the manner in which State Farm adjusted

23    and documented this claim constitutes proprietary and confidential business

24    information and trade secrets.  This is not a small matter since the ability to

25    efficiently and effectively adjust and resolve claims is the bread and butter of any

26    insurance business and an insurer with a superior process necessarily has a

27    competitive advantage.  In addition, the claim file contains the private information

28    of various tenants of Wilshire Manor, including interviews, contact information, and

1   data regarding the claims tenants made for their own damages resulting from the

2   fire.  The tenants at Wilshire Manor have a right to privacy which Plaintiff should

3   respect.  For that matter, the claim file also contains information which is neither

4   relevant to the subject matter of the action nor reasonably calculated to lead to the

5   discovery of admissible evidence.  To that degree, Plaintiff has no legitimate interest

6   in those portions of the claim file.

7   Importantly, the Protective Order does not impose any significant burden on

8   Plaintiff in this litigation.  Plaintiff can disclose the Protected Materials to its

9   counsel and employees whenever it is reasonably necessary to do so for purposes of

10  this litigation.  The Protected Material can similarly be provided to any retained

11  expert or professional vendor so long as they sign the "Acknowledgment and

12  Agreement to Be Bound" included with the Protective Order – an insignificant

13  burden which allows Plaintiff to use the claim file for any purpose reasonably

14  related to this litigation.  For that matter, the Protected Material may be disclosed to

15  any deposition witness and counsel so long as they are asked to sign the

16  "Acknowledgment and Agreement to Be Bound," with the understanding that they

17  can only retain such documents thereafter if they actually sign.  Protected Material

18  may also be provided to any mediator or settlement officer agreed to by the parties.

19  Prot. Order, Sec. 7.2, Disclosure of "CONFIDENTIAL" Information or Items. The

20  Protective Order does not restrict how designated confidential documents can be

21  used at trial, as that is beyond the scope of the Order. *Id*., at Sec. 3.

22  As a result, the only modest burden placed on Plaintiff by the Protective Order in

23  this litigation is in having to file designated documents under seal for pre-trial

24  motions. However, it is not onerous to file selected documents under seal, and once

25  that is done it becomes State Farm's burden to justify the designation to the Court.

26  Local Rule 79-5.2.2(b). If the Court denies the request, Plaintiff is then permitted to

27  file the documents as they normally would. Local Rule 79-5.2.2(b)(ii).   As a result,

28

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1   there is no significant burden on Plaintiff and there is no chance for actual prejudice.

2   See Prot. Order, Sec. 1(C).

3         The legal authorities cited by Plaintiff have no application to the issues raised

4   here.  *All* of the cases cited by Plaintiff address the need to produce the non-

5   privileged portions of the claim file in discovery, and the ability to use the claim file

6   at trial.[1]  However, State Farm has already produced the entire claim file, with the

7   privileged portions redacted, and the Protective Order does not restrict the use of

8   designated documents at trial.  As a practical matter, the only remaining issue is

9   Plaintiff's ability to freely use the claim file for purposes unrelated to this litigation,

10  and Plaintiff has offered no justification for such uses or even suggested what it

11  might have in mind in this regard.

12  Similarly, Plaintiff mistakenly cites to Insurance Code § 2071, but it provides no

13  support for Plaintiff's motion.  First, § 2071 only applies to the California Standard

14  Form Fire Insurance Policy described in the statute, and so does not apply here.

15  Second, but for a few privileged redactions, *State Farm has already provided the*

16  *entire claim file to Plaintiff*, and has thus has already complied with any requirement

17  § 2071 might impose to provide information to the insured.

18         **b.  Had Plaintiff Simply Followed Protocol, This Dispute May**

19              **Have Been Avoided**

20         If Plaintiff found the administrative task of filing documents under seal too

21  onerous, then it only needed to request that State Farm de-designate whatever

22  portions of the claim file Plaintiff intended to file.  Prot. Order, Sec. 6,

23  CHALLENGING CONFIDENTIALITY DESIGNATIONS.  State Farm has always

24  expressed a willingness to reconsider the designation of any specific pages

25  identified by Plaintiff for this purpose in order to better expedite the litigation of this

26  action.  Plaintiff has steadfastly refused to make this request, however, and has

27

28

---

[1]   The one exception is *Amato v. Mercury Cas. Co.* (1993) 18 Cal.App.4th 1784, which appears to have no application to an insurance claim file at all.

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

instead demanded that the entire claim file be de-designated in complete disregard for the proprietary and confidential nature of State Farm's claims management system and the private information of third parties contained in the file. Plaintiff has provided no justification for such a sweeping demand, or its inability to identify specific portions it wishes to file with the Court.

This motion is unnecessary and could probably have been avoided if Plaintiff had simply identified which portions of the claim file it wanted to file with the Court, without having to file anything under seal.

### c.   State Farm Has Not Waived Its Privilege Objections

First, State Farm has now produced a privilege log, thus addressing the only complaint by Plaintiff in this regard.  Second, Plaintiff's contention that State Farm waived its privilege objections is wrong.  State Farm asserted specific objections to Plaintiff's requests for production.  In California, a waiver requires an intentional relinquishment of a known right.  *Regents of the Univ. of California v. Workers' Compensation Appeals Bd*. (2014) 226 Cal. App. 4th 1530 at 1536; *Lohman v. Superior Court* (1990) 81 Cal. App. 3d 90 at 95.  Indeed, California courts have held that "waiver of privilege must be voluntary" and "*a waiver occurs only when the holder of the privilege has, in fact, voluntary disclosed or consented to a disclosure made*."  *Id*., emphasis added.  State Farm, the holder of the privilege, certainly did not voluntarily waive its right to object to the production of documents based upon the attorney client privilege, the attorney work product doctrine, or the privacy rights of third parties.  Thus, Plaintiff's contention that State Farm waived its objections is without merit.

### B. State Farm's Refusal to Produce its Underwriting File

1.   <u>Plaintiff's Contention – Plaintiff is Entitled to an Order Compelling State Farm to Produce its Underwriting File.</u>

a.  **Procedural Background.**

Plaintiff served the following request for production to State Farm on September 14, 2016:

**PLAINTIFF'S REQUEST FOR PRODUCTION NO. 3:**

A copy of the underwriting file for the insurance policy YOU issued to Plaintiff.

(Sze Decl. ¶ 11; Exhibit C).

On October 21, 2016 State Farm provided the following objection to Plaintiff's request:

**STATE FARM'S RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

State Farm objects to producing underwriting information on the ground that it is not relevant to any claims or defenses of a party and it is not proportional to the needs of the case, because there is no dispute that the applicable Policy was in effect on the date of loss. Underwriting information is stored electronically in multiple locations; State Farm does not maintain a physical file folder with respect to most insurance policies issued. State Farm further objects to the term "underwriting file" because it assumes a physical file folder exists and because this request is vague, ambiguous and overbroad as to what is meant by an underwriting file. In addition, this request has the potential to be unduly burdensome. State Farm objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome in that it seeks information and documents for an unspecified period of time with no subject matter limitation. State Farm further objects on the grounds that this request appears to be seeking confidential, trade secret, and/or proprietary business information/documents, and/or information protected from disclosure by the attorney-client privilege and the work product doctrine. *Caito* v. *Superior Court* (2012) 54 Ca1.4th 480, 495; *Nacht & Lewis Architects, Inc.* v. *Superior Court* (1996) 47 Cal.App.4th 214, 217. The attorney client privilege is broadly construed, and extends to "factual information" and "legal advice." *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 601.

1    (Sze Decl. ¶ 11; Exhibit D).

2    On October 28, 2016 Plaintiff wrote a meet and confer letter to State Farm

3    highlighting the reasons why State Farm's Refusal to produce its Underwriting File

4    was erroneous. (Sze Decl. ¶12; Exhibit D). Plaintiff met with State Farm's counsel

5    on November 4, 2016 to address the issues outlined in the letter, but State Farm's

6    counsel advised Plaintiff's counsel that the underwriting file would simply not be

7    produced in this action. (Sze Decl. ¶ 12).

8              **b. State Farm's Refusal to Produce the Underwriting**

9                      **File is Erroneous.**

10   Plaintiff requested State Farm to produce its underwriting materials that

11   pertains to Plaintiff, and the Subject Property. State Farm's objection that the

12   request is vague, ambiguous and overbroad is not well taken. As State Farm and its

13   counsel know all too well, insurers maintain an underwriting file with respect to

14   each of their insureds or each insurance policy issued.  Although different insurers

15   may have different names for the "underwriting file," virtually every insurer

16   maintains such a file.

17   As the Rutter Guide on California Insurance Litigation points out: "The

18   underwriting file customarily contains the insured's insurance application(s), notes

19   of the underwriter regarding premiums, copies of documents pertinent to the

20   insurer's rating of the risk, copies of the forms that comprise the policy, manuscript

21   endorsements, and certificates of insurance." Given the straightforward nature of

22   Plaintiff's request, State Farm cannot legitimately claim that the request is vague

23   and ambiguous.

24   Further, the objection that the request is not relevant to the action because

25   there is no dispute that the policy was in place is misplaced. So too are the

26   objections about confidentiality.

27   First, the test for discovery is not admissibility. Instead, the test is whether

28   relevant evidence appears reasonably calculated to lead to the discovery of

admissible evidence. Fed.R.Civ.P. 26(b)(1) and 34(a) (applying scope to production of documents). At the discovery stage, a court does not decide whether parol evidence such as the underwriting materials will or will not be admitted to address interpretation of the policy. Instead, the test is whether the discovery requests are relevant and may lead to the production of admissible evidence regarding interpretation of the policy terms and the insurer's conduct.

The underwriting files and materials are relevant to Plaintiff's contention that State Farm has improperly applied the terms of the policy to exclude and deny legitimate claims for coverage to property that is and was damaged as the result of an occurrence (a fire). Once produced, Plaintiff has reason to believe that the underwriting materials may reveal State Farm's inherently unreasonable interpretation of the policy terms, especially with regard to its contentions regarding the prior condition of Plaintiff's elevators. See, e.g., *Lexington Ins. Co. v. Commonwealth Ins. Co.,* 1999 WL 33292943, 6 (N.D.Cal.1999) (insurer required to produce all non-privileged documents from underwriting files because they may be relevant to issue of intent of the parties*); see also Rios v. Scottsdale Ins. Co.,* 119 Cal.App.4th 1020 (2004). Plaintiff has reason to believe that its underwriting file will contain information pertaining to several prior lawsuits wherein two of Plaintiff's tenants alleged to get injured in Plaintiff's elevators. Plaintiff recalls that as a condition to renewing Plaintiff's insurance policy, State Farm required documentation to show maintenance and repair work was being performed to the elevators. Plaintiff provided such information to Plaintiff's State Farm agent.

Subsequently, State Farm renewed the insurance policy, thereby accepting the work that was being performed to maintain the elevators as sufficient for its underwriting purposes. Given that State Farm was on notice of the condition of the elevators, Plaintiff contends that State Farm's current refusal to pay to repair the elevators for damage that was caused by the fire is improper.

1      State Farm's argument that it is not responsible to pay for the damage caused

2  by the fire because of prior wear and tear related issues is improper. State Farm

3  cannot willingly agree to the maintenance work and accept premium on the one

4  hand, and then, when Plaintiff sustains *unrelated damage*, claim the very issues it

5  was previously advised of preclude coverage. Such conduct is the very essence of

6  bad faith.

7      Insofar as State Farm argues that the documents contain proprietary

8  information, although State Farm may have a legitimate interest in protecting its

9  trade secrets and other confidential proprietary information, given the applicable

10  confidentiality agreement/protective order that is in place in this case, State Farm's

11  objections are inappropriate and indicate State Farm's intent to play games and hide

12  the ball.  Consequently, the Court should order that the underwriting file and

13  materials should be produced.

14      **2.**    **State Farm's Contention -  The Request Is Ambiguous, and**

15      **Plaintiff Has Failed to Justify Its Request for These Irrelevant and**

16      **Confidential Documents**

17      In its attempt to support this discovery, Plaintiff ignores the limited range of

18  its legal claims and the fundamental flaw in its request.  As State Farm explained in

19  its discovery response, it does not maintain a physical "underwriting file" for most

20  of its insurance policies, including this one, nor does it store documents related to

21  the underlying process in a designated place.  Instead, its underwriting information

22  is stored electronically in multiple locations.  As a result, this request is vague,

23  ambiguous and overbroad as to what is meant by the "underwriting file" and what

24  specific documents Plaintiff is actually requesting.  Plaintiff's failure to define this

25  request further emphasizes its intent to request a discrete and identifiable physical or

26  computer file which does not exist.

27      In any case, Plaintiff has not advanced any reasonable justification for

28  seeking the discovery of documents and/or information pertaining to the

1   underwriting of the Policy.  The underwriting of the Policy is not at issue because

2   the terms of the Policy are clear and unambiguous, and the coverage for Plaintiff's

3   fire damage will be determined by those terms and the facts as determined regarding

4   the condition of the building both before and after the fire. Plaintiff has never

5   contended otherwise.  Since the only potential purpose of the underwriting

6   documents would be to clarify otherwise ambiguous terms in the Policy, Plaintiff's

7   argument that the discovery of the "underwriting file" is warranted is simply without

8   merit.

9         Where, as here, the Policy terms are unambiguous, extrinsic evidence

10   regarding the interpretation of the Policy is simply irrelevant and cannot lead to the

11   discovery of admissible evidence.  *AIU Ins. Co. v. Superior Court*, 51 Cal.3d 807,

12   821-823 (1990) ; Civil Code §§ 1636-1645; *Wolf Machinery Co. v. Ins. Co. of North

13   America*, 133 Cal.App.3d 324, 328 (1982).  This is because the court must give

14   effect to "the mutual intention of the parties at the time the contract is formed."

15   *Montrose Chemical Corp. v. Admiral Ins. Co*. (1995) 10 Cal.4th 645, 666.  The

16   court must determine the parties' intent from the "plain meaning" of the written

17   provisions of the policy itself, construed within the context of the entire contract and

18   the circumstances of the claim.  *AIU Ins. Co. v. Superior Court*, *supra*, 51 Cal.3d

19   807 at 821-822; Civil Code §§ 1636-1645.  As a result, courts generally refuse to

20   consider extrinsic evidence when interpreting unambiguous policy language.

21         As a corollary to this, the "intent" of the parties in drafting the Policy is

22   wholly irrelevant unless the Policy terms are ambiguous, and Plaintiff has never

23   contended this.  It is for this reason that both cases cited by Plaintiff here are

24   inapplicable. In *Lexington Ins. Co. v. Commonwealth Ins. Co*., 1999 WL 33292943,

25   6 (N.D.Cal. 1999), the policy terms were allegedly ambiguous, so the insured sought

26   the underwriting file to clarify the ambiguity.  In *Rios v. Scottsdale Ins. Co.,* 119

27   Cal.App.4th 1020 (2004), the parties were litigating a negligent misrepresentation

28   claim and therefore needed the underwriting documents to establish what

18

communications were made prior to the policy.  Neither of these situations apply here.

Extrinsic evidence may not be used to show that words in a contract mean anything but their ordinary meaning. *ACL Technologies, Inc. v. Northbrook Prop. & Cas. Ins. Co*., 17 Cal.App.4th 1773, 1791. Thus, Plaintiff's apparent efforts to contradict the clear and unambiguous language of the Policy through the "underwriting file" is not permissible and the discovery sought is irrelevant. Accordingly, the discovery Plaintiff seeks pertaining to the underwriting of the Policy is clearly outside the scope of permissible discovery, because such discovery is not potentially relevant to the issues in this coverage litigation, and is not reasonably calculated to lead to the discovery of admissible evidence. Fed.R.Civ.P. 26(b)(1) and 34(a).

## C.   State Farm's Refusal to Produce its Claim Manual and Field Bulletins Relating to Claim Handling.

### 1.   <u>Plaintiff's Contention – Plaintiff is Entitled to an Order Compelling State Farm to Produce its Claim Manual and Field Bulletins Relating to Claim Handling.</u>

#### a.  Procedural Background.

Plaintiff served the following request for production to State Farm on September 14, 2016:

**<u>REQUEST FOR PRODUCTION NO. 11:</u>**

YOUR claims manuals, or any portion thereof, from January 1, 2013 to the present, that pertain to the handling or adjusting of homeowner property damage claims.

(Sze Decl. 13; Exhibit C).

On October 21, 2016 State Farm provided the following objection to Plaintiff's request:

19

**RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

State Farm objects to this request on the grounds that it is vague, ambiguous, overly broad, and unduly burdensome in that it seeks information and documents prior to the time of the loss in this case with no subject matter limitation. State Farm further objects on the grounds that this request appears to be seeking confidential, trade secret, and/or proprietary business information/documents, and/or information protected from disclosure by the attorney-client privilege and the work product doctrine. *Caito* v. *Superior Court* (2012) 54 Ca1.4th 480, 495; *Nacht & Lewis Architects, Inc.* v. *Superior Court* (1996) 47 Cal.App.4th 214, 217. The attorney client privilege is broadly construed, and extends to "factual information" and "legal advice." *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 601. State Farm further objects to the request as it is unduly burdensome and oppressive in that, among other things, it seeks documents that are neither relevant to any claims or defenses of a party nor proportional to the needs of the case as each claim is handled on its own merits and State Farm's manual is only intended to provide guidance. As currently phrased, State Farm is also left to speculate as to the meaning of the terms "claims manuals," and "handling or adjusting of homeowner property damage claims." As such, this request lacks foundation. Furthermore, State Farm objects to plaintiffs attempts to prematurely gain disclosure of expert opinion in violation of Federal Rule of Civil Procedure 26(a)(2) and (b)(4).

**REQUEST FOR PRODUCTION NO. 13:**

All DOCUMENTS including but, not limited to "field bulletins" or memoranda from January 1, 2013 to the present, that pertain to the handling or adjusting of first-party homeowner insurance claims which are not contained in any of YOUR claims manuals, but which YOU use and rely on for purposes of handling home Owner property damage claims.

(Sze Decl; Exhibit C).

1

2  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

3  State Farm objects to this request on the grounds that it is vague, ambiguous,

4  overly broad, and unduly burdensome in that it seeks information and documents

5  prior to the time of the loss in this case with no subject matter limitation. As

6  currently phrased, State Farm is also left to speculate as to the meaning of the terms

7  and phrases "claims manuals," "field bulletins," and "handling or adjusting of first-

8  party homeowner insurance claims." As such, this request lacks foundation. State

9  Farm further objects on the grounds that this request appears to be seeking

10  confidential, trade secret, and/or proprietary business information/documents, and/or

11  information protected from disclosure by the attorney-client privilege and the work

12  product doctrine. *Caito* v. *Superior Court* (2012) 54 Cal.4th 480, 495; *Nacht &*

13  *Lewis Architects, Inc.* v. *Superior Court* (1996) 47 Cal.App.4th 214, 217. The

14  attorney-client privilege is broadly construed, and extends to "factual information"

15  and "legal advice." *Mitchell v. Superior Court* (1984) 37 Cal.3d 591, 601.

16  State Farm further objects to the request as it is unduly burdensome and

17  oppressive in that, among other things, it seeks documents that are neither relevant

18  to any claims or defenses of a party nor proportional to the needs of the case as each

19  claim is handled on its own merits and State Farm's manual is only intended to

20  provide guidance. Furthermore, State Farm objects to plaintiffs attempts to

21  prematurely gain disclosure of expert opinion in violation of Federal Rule of Civil

22  Procedure 26(a)(2) and (b)(4).

23  (Sze Decl. ¶ 13; Exhibit D).

24       On October 28, 2016 Plaintiff wrote a meet and confer letter to State Farm

25  highlighting the reasons why State Farm's Refusal to produce its claim file and field

26  bulletins was erroneous. (Sze Decl. ¶14; Exhibit E). Plaintiff met with State Farm's

27  counsel on November 4, 2016 to address the issues outlined in the letter, but State

28  Farm's counsel advised Plaintiff's counsel that the claim manual or any other

documents pertaining to claims handling guidelines would simply not be produced in this action. (Sze Decl. ¶ 14).

### b. State Farm's Refusal to Produce the Claims Manual and Field Bulletins is Erroneous.

State Farm's refusal to produce its claim manuals and possible field bulletins pertaining to claim handling guidelines is entirely inappropriate. Insurers are required by state law to maintain guidelines for the prompt processing of insurance claims. [Ins.C. § 790.03(h)(3)].

These guidelines are often maintained in claims manuals that provide the insurer's criteria for processing claims and the procedure for reporting claims to regional or home office claims supervisors. Such manuals are clearly discoverable in coverage dispute litigation (and a fortiori in bad faith cases). *Glenfed Develop. Corp. v. Sup.Ct.* (National Union Fire Ins. Co. of Pittsburgh, Penn.) (1997) 53 Cal.App.4th 1113, 1118 (noting that drafting history documents and claims manuals are clearly discoverable; reasonable expectations of the insured may be admissible at trial and even if claims manual is not, it may lead to discovery of other, relevant evidence). Here, the issue is whether State Farm's claim handling conduct satisfied its own internal standards. If it did not, such might be relevant to establish bad faith.

State Farm's objections that the request is vague and ambiguous and overbroad as to time is entirely misplaced given that the request highlights the claim manuals from Jan 1, 2013 to the present that pertain to the adjustment and loss of first party property damage claims. For all of these reasons, State Farm must produce its claim manual, or otherwise explain that it had and/or uses none.

### 2. State Farm's Contentions

Plaintiff has again failed to justify obtaining documents whose only purpose would be to clarify ambiguous Policy terms. As discussed above, the clear and undisputed Policy terms control the coverage issues in this case. (See *ante*, pp. 18-20.) Thus, the clear and explicit contractual language of the Policy governs. See

22

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL

1    *Bank of the West v. Superior Ct.*, 2 Cal.4th 1254, 1265 (1992).  Therefore, in light of

2    the claims and issues in dispute in this lawsuit, the claims manual and bulletins are

3    not relevant and will not lead to the discovery of admissible evidence, and thus

4    should not be discoverable.

5         Plaintiff mistakenly relies on *Glenfed Develop. Corp. v. Sup.Ct. (National*

6    *Union Fire Ins. Co. of Pittsburgh, Penn.)* (1997) 53 Cal.App.4th 1113, in which the

7    insured developer sued for reformation of the insurance contract based on the policy

8    terms the insured believed it was purchasing (i.e., a broad form policy v. a standard

9    exclusion regarding sub-contractors).  Based on that claim, the court found that the

10   claims manual was discoverable as potentially addressing the reasonable

11   expectations of a developer purchasing a comprehensive general liability policy, in

12   light of the claim that the policy which was inadvertently purchased had "virtually

13   no value."  *Id.*, at 116-117.  These circumstances have no application to the instant

14   case, since the Policy terms here are undisputed and unambiguous.  The dispute here

15   is not over the Policy terms or the coverage they provide, but over the factual

16   question of whether the additional damages claimed by Plaintiff (beyond the

17   $553,156.95 already paid by State Farm) actually resulted from the fire, e.g.,

18   whether all of the claimed repairs and replacements to the elevators resulted from

19   fire damage or reflect preexisting dilapidation and disrepair.

20        Since Plaintiff provides no basis for these document demands beyond the

21   unsupported claim that they are universally discoverable, it fails to address the other

22   objections to these requests, such as it requests documents that was not in effect at

23   the time of the loss, and so are not possibly relevant.  Similarly, Plaintiff ignores the

24   objection that there is no limitation as to subject matter, so that these requests seek

25   documents that have no potential application to a claim for fire damages.  State

26   Farm further objects on the grounds that these requests appear to seek confidential,

27   trade secret, and/or proprietary business information/documents, and/or information

28   protected from disclosure by the attorney-client privilege and the work product

1  doctrine. *Caito v. Superior Court* (2012) 54 Cal.4th 480, 495; *Nacht & Lewis*

2  *Architects, Inc. v. Superior Court* (1996) 47 Cal.App.4th 214, 217.

3      These requests constitute speculative discovery seeking irrelevant documents.

4  The Court should deny Plaintiff's motion to compel.

5

6  DATED:  December 1, 2016            MERLIN LAW GROUP

7

8  By:     /s/ *Denise H. Sze*

9                    Denise H. Sze

                  Attorneys for Plaintiff

10        WILSHIRE MANOR APARTMENTS, LLC

11

12  DATED:  December 2, 2016            SEDGWICK LLP

13

14

15  By:     /s/ *Valerie D. Rojas*

                  Valerie D. Rojas

16              Andrea J. Giovannone

17              Attorney for Defendant

            STATE FARM GENERAL

18              INSURANCE COMPANY

19

20

21

22

23

24

25

26

27

28

PLAINTIFF WILSHIRE MANOR APARTMENTS, LLC'S JOINT STIPULATION RE: PLAINTIFF'S MOTION
TO COMPEL AND DE-DESIGNATE DEFENDANT'S ENTIRE CLAIM FILE AS CONFIDENTIAL